IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRITISH AIRWAYS, PLC, a foreign corporation, <br><br> Plaintiff, <br> v. <br><br> The CITY OF CHICAGO, a municipal corporation, <br><br> Defendant. | Case No.: 1:21-cv-06371 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

Plaintiff, BRITISH AIRWAYS, PLC ("British Airways"), by and through its attorneys, Condon & Forsyth LLP and Eimer Stahl LLP, seeks compensation for damage to the engines of three (3) Boeing 787 Dreamliner aircraft, bearing Registration Nos. G-ZBKK ("Aircraft G-ZBKK"), G-ZBKH ("Aircraft G-ZBKH"), and G-ZBKF ("Aircraft G-ZBKF"), (collectively the "Aircraft") incurred at Chicago O'Hare International Airport ("O'Hare") on November 30, 2020 and December 1, 2020, due to the negligence of defendant, the CITY OF CHICAGO (the "City of Chicago"), in failing to clear the taxiways and/or runways of foreign object debris ("FOD") following resurfacing and/or construction works.

## THE PARTIES

1. Plaintiff British Airways is a foreign corporation duly organized and existing under the laws of the United Kingdom of Great Britain and Northern Ireland, with its principal place of business in Harmondsworth, United Kingdom. British Airways is engaged in the air transportation of passengers and cargo for hire to and from airports in the State of Illinois, including O'Hare.

2. Defendant City of Chicago is a municipal corporation organized under the laws of

the State of Illinois and is engaged in the business of owning, operating, managing, planning, designing, inspecting, and maintaining airports within Chicago, Illinois, including O'Hare.

## JURISDICTION AND VENUE

3. The Federal Court of the Northern District of Illinois has subject matter jurisdiction over this matter based on 28 U.S. Code § 1332, because there is complete diversity of citizenship and the value of the matter in controversy exceeds $75,000.

4. Alternatively, the Federal Court of the Northern District of Illinois has subject matter jurisdiction over this matter based on 28 U.S. Code § 1331, because this matter arises under the Constitution, laws, or treaties of the United States, namely 14 C.F.R. §§ 139.305 and 139.327 inclusive of their statutory authority.

5. The Federal Court of the Northern District of Illinois has personal jurisdiction over the City of Chicago because the City of Chicago is domiciled in, organized under the laws of, and maintains its principal place of business in Illinois.

6. Venue is proper in the Northern District of Illinois because the City of Chicago is a resident of the State in which the district is located and a substantial part, if not all, of the events or omissions giving rise to the claim occurred within the State in which the district is located. *See* 28 U.S. Code § 1391.

## FACTUAL ALLEGATIONS

### I

### THE DUTY OF THE CITY OF CHICAGO

7. The City of Chicago has a duty to ensure that the runways and taxiways at O'Hare are free of FOD and a duty to ensure that aircraft can traverse the airport safely.

8. The City of Chicago is an "airport certificate holder" pursuant to and as defined

within Federal Aviation Regulations 14 C.F.R. § 139.1 et seq.

9. Airport certificate holders are required to meet and comply with the standards and regulations outlined in 14 C.F.R. § 139.1 et seq.

10. Under 14 C.F.R. § 139.327(a), an aircraft certificate holder is required to inspect the airport for the presence of FOD on a daily basis and more frequently "when required by any unusual condition, such as construction activities . . . that may affect safe air carrier operations[.]"

11. Additionally, under 14 C.F.R. § 139.305(a), an airport certificate operator is responsible for "maintain[ing], and promptly repair[ing] the pavement of, each runway, taxiway, loading ramp, and parking area on the airport that is available for air carrier use" and for "remov[ing] promptly and as completely as practicable" all "mud, dirt, sand, loose aggregate, debris, foreign objects, rubber deposits, and other contaminants[.]"

12. The City of Chicago also has a duty, pursuant to its lease agreement with British Airways, to "operate and maintain [O'Hare] in a reasonably prudent manner and in accordance with Applicable Laws. *See* Airline Use and Lease Agreement by and between the City of Chicago and British Airways (the "Lease Agreement"), attached hereto as Exhibit A, Article 16.2.2.

13. The Lease Agreement defines "Applicable Laws" as including "all applicable present and future federal, state and local laws, rules, regulations, orders and ordinances[.]" *Id.,* Article 1.1.

14. Two such regulations included 14 C.F.R. §§ 139.327(a) and 139.305(a).

## II

## **THE FOD EVENTS**

15. On and in the days leading up to November 30 and December 1, 2020, taxiway and runway resurfacing work, as well as construction work, including construction for the expansion of Terminal 5, were performed at O'Hare, resulting in the presence of FOD left on the taxiways and runways.

16. On and in the days leading up to November 30 and December 1, 2020, the City of Chicago was obligated to inspect O'Hare, including the taxiways and runways, for the presence of FOD following construction and taxiway and runway resurfacing works, and to remove such FOD promptly and completely.

17. On and in the days leading up to November 30 and December 1, 2020, the City of Chicago failed to properly inspect O'Hare, including the taxiways and runways, for the presence of FOD following construction and taxiway and runway resurfacing works.

18. On and in the days leading up to November 30 and December 1, 2020, the City of Chicago failed to remove FOD left on the taxiways and runways following construction and taxiway and runway resurfacing works at O'Hare.

19. Between November 30 and December 1, 2020, three (3) Boeing 787 Dreamliner aircraft, owned and/or operated by British Airways (Aircraft G-ZBKK, Aircraft G-ZBKH, and Aircraft G-ZBKF) traversed on and in the vicinity of Taxiways V, V3, V6, V7, EE, GG, N, P, Y and Runway 10L-28R at O'Hare, pursuant to the Lease Agreement.

20. As Aircraft G-ZBKK traversed the taxiways and/or runways at O'Hare, both if its engines ingested FOD that the City of Chicago failed to detect and remove from the taxiways and/or runways following the construction and resurfacing works at O'Hare.

21. As Aircraft G-ZBKH traversed the taxiways and/or runways at O'Hare, both if its engines ingested FOD that the City of Chicago failed to detect and remove from the taxiways

4

and/or runways following the construction and resurfacing works at O'Hare.

22. As Aircraft G-ZBKF traversed the taxiways and/or runways at O'Hare, both if its engines ingested FOD that the City of Chicago failed to detect and remove from the taxiways and/or runways following the construction and resurfacing works at O'Hare.

23. The ingested FOD caused significant damage to all six (6) of the total engines across Aircraft G-ZBKK, Aircraft G-ZBKH, and Aircraft G-ZBKF (the "Aircraft Engines"), including damage to their inlet cowels,

24. Due to the extent of damage, the three aircraft were rendered inoperable and British Airways had to cancel several flights. Due to the extent of damage, the Aircraft Engines required complete tear downs and inspections.

25. Due to the extent of damage, the Aircraft Engines required substantial repairs, including the replacement of damaged inlet parts, costing British Airways at least $3,201,770.84.

26. After the damaged Aircraft Engines were removed, Aircraft G-ZBKK was inoperable and British Airways could not otherwise use Aircraft G-ZBKK for several days.

27. After the damaged Aircraft Engines were removed, Aircraft G-ZBKH was inoperable and British Airways could not otherwise use Aircraft G-ZBKH for several days.

28. After the damaged Aircraft Engines were removed, Aircraft G-ZBKF was inoperable and British Airways could not otherwise use Aircraft G-ZBKF for several days.

29. Due to the actions, inactions, negligence, or other failure of the City of Chicago, on and in the days leading up to November 30 and December 1, 2020, the Aircraft Engines ingested FOD that the City of Chicago failed to detect and remove from the taxiways and/or runways following the construction and resurfacing works at O'Hare, and as a result, sustained significant damage that required substantial repairs and caused British Airways to sustain

substantial economic damage.

## COUNT I – NEGLIGENCE *PER SE*

30. Plaintiff British Airways hereby re-alleges and incorporates the allegations of paragraphs 1-29 as if fully set forth herein.

31. At all times relevant to this Complaint, the City of Chicago owned, operated, maintained or otherwise was responsible for the safety and operation of O'Hare, a publicly owned and operated airport.

32. At all times relevant to this Complaint, the City of Chicago owed, and still owes, both common law and statutory duties to airlines and aircraft operators, including British Airways, to maintain the safety of the airport and to not cause damage to aircraft.

33. The City of Chicago is an "airport certificate holder" pursuant to Federal Aviation Regulations 14 C.F.R. § 139.1 et seq.

34. The City of Chicago negligently failed to meet and comply with the standards and regulations governing airport certificate holders under 14 C.F.R. § 139.1 *et seq*.

35. Under Federal laws, rules, and regulations, the City of Chicago had duties to inspect the taxiways and runways and to remove any FOD left on the taxiways and runways following construction and resurfacing works and the City of Chicago failed to meet these duties.

36. The City of Chicago negligently failed to properly inspect the taxiways and runways for the presence of foreign object debris following construction and resurfacing works.

37. The City of Chicago also negligently failed to remove foreign object debris left on the taxiways and runways following construction and resurfacing works at O'Hare.

38. The applicable federal regulations, including 14 C.F.R. §§ 139.305 and 139.327 are intended to protect air carriers, including British Airways, from incurring damage to their

6

aircraft resulting from the presence of FOD on the taxiways and runways.

39. The City of Chicago knew or should have known that its failure to properly and safely abide by the applicable regulations would create an unreasonable risk of damage to the Aircraft and its actions constituted negligence *per se*.

40. As a direct and proximate result of the City of Chicago's failure to comply with the federal regulations, the Aircraft Engines ingested FOD and sustained significant damage.

41. Accordingly, British Airways is entitled to damages for:

   a. The cost to repair the Aircraft Engines as well as any attendant damage to other parts of the Aircraft;

   b. Consequential damages caused by the loss of use of the Aircraft; and

   c. Any and all other damages caused by the City of Chicago's failure to meet its duties, responsibilities, and/or obligations.

## COUNT II – BREACH OF CONTRACT

42. Plaintiff British Airways hereby re-alleges and incorporates the allegations of paragraphs 1-41 as if fully set forth herein.

43. At all times relevant to this Complaint, the City of Chicago owned, operated, maintained or otherwise was responsible for the safety and operation of O'Hare, a publicly owned and operated airport.

44. The City of Chicago had at the time of the incident, and still has, a Lease Agreement with British Airways wherein the City of Chicago is contractually obligated to comply with all applicable federal regulations, including 14 C.F.R. §§ 139.305 and 139.327, which impose upon the City of Chicago duties to inspect the taxiways and runways and to remove any FOD left on the taxiways and runways following construction and resurfacing

works. *See* Exhibit A, Article 16.2.2.

45. The City of Chicago is also contractually obligated to "operate and maintain [O'Hare] in a reasonably prudent manner[.]" *Id.*

46. By failing to properly inspect the taxiways and runways and to remove FOD left on the taxiways and runways following construction and resurfacing works, such that the Aircraft could safely traverse the taxiways and runways without ingesting such FOD, the City of Chicago has failed to comply with its contractual obligations to comply with all applicable federal regulations, and to operate and maintain the taxiways and/or runways in a reasonably prudent manner.

47. As a direct and proximate result of the City of Chicago's breach of contract, the Aircraft Engines ingested FOD and sustained significant damage.

48. Accordingly, British Airways is entitled to damages for:

   a. The cost to repair the Aircraft Engines as well as any attendant damage to other parts of the Aircraft;

   b. Consequential damages caused by the loss of use of the Aircraft; and

   c. Any and all other damages caused by the City of Chicago's failure to meet its duties, responsibilities, and/or obligations.

## COUNT III – GENERAL NEGLIGENCE

49. Plaintiff British Airways hereby re-alleges and incorporates the allegations of paragraphs 1-48 as if fully set forth herein.

50. At all times relevant to this Complaint, the City of Chicago owned, operated, maintained or otherwise was responsible for the safety and operation of O'Hare, a publicly owned and operated airport.

51. At all times relevant to this Complaint, the City of Chicago owed, and still owes, a duty to airlines and aircraft operators, including British Airways, to maintain the safety of the airport and to not cause damage to aircraft.

52. On and in the days leading up to November 30 and December 1, 2020, construction and taxiway and runway resurfacing works were performed at O'Hare, resulting in the presence of FOD left on the taxiways and runways.

53. On and in the days leading up to November 30 and December 1, 2020, the City of Chicago negligently failed to properly inspect O'Hare, including the taxiways and runways, for the presence of FOD following construction and taxiway and runway resurfacing works.

54. On and in the days leading up to November 30 and December 1, 2020, the City of Chicago negligently failed to remove FOD left on the taxiways and runways following construction and taxiway and runway resurfacing works at O'Hare.

55. On November 30 and December 1, 2020, the Aircraft Engines ingested FOD that the City of Chicago failed to detect and remove from the taxiways and/or runways following construction and taxiway and runway resurfacing works.

56. As a direct and proximate result of the City of Chicago's negligence, the Aircraft Engines ingested FOD and sustained significant damage.

57. Accordingly, British Airways is entitled to damages for:

    a. The cost to repair the Aircraft Engines as well as any attendant damage to other parts of the Aircraft;

    b. Consequential damages caused by the loss of use of the Aircraft; and

    c. Any and all other damages caused by the City of Chicago's negligence.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues in this matter.

**REQUEST FOR RELIEF**

WHEREFORE, plaintiff BRITISH AIRWAYS PLC prays for judgment in its favor and against defendant the CITY OF CHICAGO:

1. Awarding plaintiff damages in a sum to be determined at trial, but not less than Three Million Two Hundred and One Thousand Seven Hundred and Seventy Dollars and Eighty-Four Cents ($3,201,770.84), for the costs incurred by British Airways to repair the Aircraft;

2. Awarding plaintiff damages in a sum to be determined at trial for its loss of use of the Aircraft;

3. Awarding plaintiff pre- and post-judgment interest, attorney's fees, and costs; and

2. Awarding plaintiff such other and further relief to which plaintiff may be entitled as a matter of law or equity, or which the Court deems just and proper

Dated: November 29, 2021

                                                                         Respectfully submitted,

                                                                         EIMER STAHL

                                                                         By: /s/ Brent R. Austin
                                                                         Brent R. Austin
                                                                         baustin@eimerstahl.com
                                                                         224 South Michigan Avenue, Suite 1100
                                                                         Chicago, Illinois 60604
                                                                         Telephone: (312) 660-7600
                                                                         Facsimile: (312) 692-1718

                                                                               - and -

CONDON & FORSYTH LLP

By: /s/ Anthony U. Battista
Anthony U. Battista
abattista@condonlaw.com
7 Times Square
New York, New York 10036
Telephone: (212) 894-6700
Facsimile: (212) 370-4453

*Attorneys for Plaintiff*
BRITISH AIRWAYS, PLC

11